# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>SHOOT THE MOON, LLC,<br><br>   Debtor. | Case No. 15-60979-TLM |
| JEREMIAH J. FOSTER,<br><br>   Plaintiff,<br><br>v.<br><br>LEX GROUP FUNDING LLC,<br><br>   Defendant. | Adv. No. 17-00041-TLM |

## MEMORANDUM OF DECISION

On October 10, 2019, approximately two years after the above captioned case was filed, Jeremiah Foster ("Trustee") filed a motion for entry of default under Rule 7055[1] against Lex Group Funding, LLC ("Lex"). Doc. No. 13. On October 11, 2019, the Court entered an Order denying that motion and ordering Trustee to show cause why this

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532, Rule citations are to the Federal Rules of Bankruptcy Procedure, and Civil Rule citations are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 1

adversary proceeding should not be dismissed for failure to serve Lex in accordance with Rule 7004(b)(3).[2]  Doc. No. 14 ("October 11 Order").  In response Trustee filed a "Showing of Good Cause," Doc. No. 16, conceding his failure to properly serve but arguing this adversary should be retained and an extension of the service deadline should be allowed under Civil Rule 4(m) as incorporated by Rule 7004.

## ANALYSIS

Civil Rule 4(m), incorporated by Rule 7004(a)(1), provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The application of Rule 4(m) requires a two-step analysis.  *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 (9th Cir. 2001).  "First, upon a showing of good cause for the defective service, the court must extend the time period.  Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period."  *Id*.

### A.    Good Cause

The Ninth Circuit provides:

> When considering a motion to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis.  *Cartage Pac., Inc. v. Waldner (In re Waldner),* 183 B.R. 879, 882 (9th Cir. BAP1995).  We have recognized that "[a]t a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991).  In *Boudette,* we stated that a plaintiff may be

---

[2] Rule 7004(b)(3) allows service by "first class mail . . . upon a domestic . . . corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint *to the attention of an officer, a managing or general agent*[.]" (Emphasis added.)

MEMORANDUM OF DECISION - 2

>  required to show the following factors in order to bring the excuse to the level of good cause: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (citing *Hart v. United States,* 817 F.2d 78, 80–81 (9th Cir.1987)).

*Sheehan*, 253 F.3d at 512.

Trustee argues that good cause exists for his failure to properly serve Lex in this adversary proceeding because the complaint and summons were delivered to the "correct" address as listed on the New York Secretary of State's website as well as on the "contracts between Lex and . . . Shoot the Moon." Doc. No. 16 at 3. However, this Court's October 11 Order raised concerns over the Court's own mail being returned as undeliverable at the address of record for Lex, which Trustee identifies as the "correct" address. Doc. No. 14 at 1–2. Trustee did not address this issue. And the fact that the address of record was once a correct address does not establish it was the correct address at the time of service. Indeed, this Court's docket suggests that the address was no longer the correct address for Lex as of December 21, 2017, when the Court's document was served. Doc. No. 8. And in light of the Court's returned mail, and the complete lack of participation by the defendant, the Court cannot conclude, without more, that Lex had actual knowledge of this proceeding.

In addition, even if the address of record was the "correct" address at the time the summons was served, such delivery does not equate to adequate service or require an inference of actual notice. As stated in *Beneficial California, Inc. v. Villar (In re Villar)*, 317 B.R. 88, 94 (9th Cir. BAP 2004):

MEMORANDUM OF DECISION - 3

> The fact that Beneficial was served at its post office box does not trigger the presumption that a person who was responsible for litigation received actual knowledge about it before the order was granted. "Mail that is properly addressed, stamped and deposited into the mails is presumed to be received by the addressee." *United States v. Levoy (In re Levoy),* 182 B.R. 827, 834 (9th Cir. BAP 1995) (quoting *Moody v. Bucknum (In re Bucknum),* 951 F.2d 204, 207 (9th Cir.1991)). Rule 7004(b)(3) states what is required for a [*sic*] adequate service upon a corporation. *A presumption that the mail was received by Beneficial does not include the presumption that the motion was received by an officer or authorized agent.* Only if the notice is "directed to a corporation and the attention of an officer or agent as identified in Rule 7004(b)(3)," can it be considered to have been received by a person who is charged with responding to the service. *C.V.H. Transport,* 254 B.R. at 334.

*Villar*, 317 B.R. at 94–95 (emphasis added). As the Bankruptcy Court for the Northern District of California reasoned:

> Nationwide service of process by first class mail is a rare privilege which can drastically reduce the costs and delay of litigation. As a privilege, it is not to be abused or taken lightly. Where the alternative to service by mail is hiring a process server to serve the papers in person, it seems like a small burden to require literal compliance with the rule. . . .
>
> . . .[T]he rule requires that an officer be served in order to insure [*sic*] that the corporation is put on notice that it is liable to lose valuable rights. Where the procedure outlined in a rule is less formal than the procedure it replaces, it should be strictly construed. . . .

*In re Schoon*, 153 B.R. 48, 49 (Bankr. N.D. Cal. 1993).

Thus, Trustee's explanation is inadequate to show actual notice or excusable neglect. Service to the "correct" address does not excuse Trustee's deficiencies nor amount to good cause.

### B. Discretionary Extension or Dismissal

Trustee argues in the alternative that the Court has discretion to extend time to properly serve Lex. Doc. No. 16 at 3. The Ninth Circuit provides:

MEMORANDUM OF DECISION - 4

> District courts have broad discretion to extend time for service under Rule 4(m). In *Henderson v. United States,* 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L.Ed.2d 880 (1996), the Supreme Court stated that Rule 4's 120–day time period for service "operates not as an outer limit subject to reduction, but as an irreducible allowance." This court in *Mann,* 324 F.3d at 1090–91, held that Rule 4(m) gave the district court discretion to extend time of service. "On its face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120–day period." *Id.* at 1090. However, no court has ruled that the discretion is limitless. In making extension decisions under Rule 4(m) a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir.1998).

*Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).[3]

In *Efaw*, the Ninth Circuit held that the "district court abused its discretion in denying Defendant's motion for dismissal based on Plaintiff's failure to comply with Rule 4's service requirements." *Id.* In considering the *Troxell* factors, that court noted that "the length of the delay was extraordinary," ultimately prejudicing the defendant because discoverable information became unavailable or unreliable during the delay. *Id.* The plaintiff in that case failed to properly serve the defendant for seven years. *Id.* That court also noted that the record included no evidence that the defendant knew of the action or the filing of the complaint. *Id.*

In this case, the applicable statute of limitations has run as more than two years have passed since Debtor filed its petition, and Trustee conceded as much. Doc. No. 16 at 3.[4] However, a bar to refiling is not the only factor for the Court to consider. Over

---

[3] Civil Rule 4(m) was amended in 2015 to change the 120-day period to a 90-day period.

[4] The petition was filed on October 21, 2015. *In re Shoot the Moon, LLC*, No. 15-60979-TLM (Bankr. D. Mont. Oct. 21, 2015), Dkt. No. 1.

MEMORANDUM OF DECISION - 5

four years have expired from the date of the petition, and two years have expired since the time of the filing of this adversary. This delay is excessive. As discussed, there is no evidence that Lex had actual knowledge of the pending adversary. There is also no evidence that the failure to properly serve Lex was the result of Lex's actions. The record demonstrates that Trustee waited nearly two years from the bankruptcy filing to bring an adversary proceeding, failed to properly address service to an officer or agent of Lex, failed to demonstrate that Lex received service after it became apparent that the address was undeliverable, and failed to adequately justify the delay in addressing the issue.

Therefore, in the exercise of its discretion, the Court concludes the deadline for service should not be extended under Civil Rule 4(m).

**CONCLUSION**

For the forgoing reasons, this adversary proceeding will be dismissed. The Court will enter an appropriate order.

DATED: November 8, 2019

_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE